# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>ROBERT TURNER,<br><br>  Defendant. | No. 15-CR-2049-LRR<br><br>**ORDER** |

## I. INTRODUCTION

The matter before the court is Defendant Robert Turner's "Appeal of Detention Order" ("Appeal") (docket no. 21).

## II. RELEVANT PROCEDURAL HISTORY

On November 18, 2015, the grand jury returned a four-count Indictment (docket no. 2) charging Defendant with one count of receipt of child pornography in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1) and three counts of possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2). On November 23, 2015, Defendant appeared before Chief Magistrate Judge Jon S. Scoles for an initial appearance and arraignment and pled not guilty. *See* November 23, 2015 Minute Entry (docket no. 9). On November 25, 2015, Defendant appeared before Judge Scoles for a detention hearing. *See* November 25, 2015 Minute Entry (docket no. 14). Defendant appeared in court with his attorney, Heather Quick. Assistant United States Attorney Peter Deegan, Jr. represented the government. On November 25, 2015, Judge Scoles ordered Defendant detained. *See* "Order for Pretrial Detention" ("Detention Order") (docket no. 15). On December 7, 2015, Defendant filed the Appeal. On December 16, 2015, the government filed a "Resistance to Defendant's Motion for Revocation of Detention Order" ("Resistance") (docket no. 24).

## III.  STANDARD OF REVIEW

A motion for revocation of a detention order is governed by 18 U.S.C. § 3145(b), which provides:

> If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

18 U.S.C. § 3145(b). The court reviews a § 3145(b) motion de novo. *United States v. Maull*, 773 F.2d 1479, 1481 (8th Cir. 1985). In certain cases, the court is required to detain defendants prior to trial if the court "finds that no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). "The facts the . . . [court] uses to support a finding . . . that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence." *Id.* § 3142(f). In contrast, a finding "that no condition or set of conditions . . . will reasonably assure the defendant's appearance" must be supported by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985) (emphasis omitted).

## IV.  ANALYSIS

Judge Scoles found by a preponderance of the evidence that no condition or combination of conditions will reasonably assure Defendant's appearance. In the Appeal, Defendant argues detention is not warranted because the mental health issues and suicidal ideations—which had greatly concerned Judge Scoles—can be properly treated on pre-trial release, such that Defendant will no longer pose a risk of suicide or self-harm that would jeopardize his appearance at trial. Appeal at 2-3.

The court has reviewed the Pretrial Services Report and the transcript of the detention hearing, and it shares Judge Scoles's concerns about Defendant's suicidal ideations. The investigation and prosecution of Defendant for the instant offense appear to be the genesis of his mental health issues and suicidal thoughts. *See* "Pretrial Services Report" ("Report") (docket no. 13) at 2 ("The defendant reported that, in 2013, he was diagnosed with major depressive disorder and schizoaffective disorder following a suicide attempt. The defendant reported that shortly after a search warrant was executed for the instant alleged offense, he [attempted suicide]."). Although Defendant refers to events in his personal history as further contributing to his attempted suicide, it is apparent that the execution of the search warrant was a triggering event and that Defendant continues to struggle with the mental health issues that factored into the attempt. *See id.* While the court is not unsympathetic to Defendant's issues, it recognizes that the stressors of the instant prosecution will only increase between now and Defendant's eventual trial date, particularly where the evidence appears to weigh strongly against Defendant. Transcript (docket no. 22) at 3 (identifying that a search warrant executed at Defendant's home resulted in the seizure of numerous storage devices containing large quantities of child pornography); *see also* 18 U.S.C. § 3142(g)(2) (requiring the court to consider "the weight of the evidence against the person").

Defendant argues that conditions tailored to his mental health and supervision by his mother and GPS monitoring would reasonably assure Defendant's appearance. Appeal at 3. However, as Judge Scoles observed at the detention hearing, there is no condition that would reliably result in Defendant being monitored twenty-four hours per day and there is no condition that would reliably prevent Defendant from accessing some means of acting on a suicidal impulse—despite his access to pills being strictly monitored. *See* Transcript at 4. Additionally, the court declines to speculate that any additional treatment unavailable to Defendant while he is detained will adequately compensate for the continued

and intensified specter of prosecution. Therefore, while Defendant's family ties and lack of criminal history are personal characteristics favoring pretrial release, the court concludes that Defendant's mental condition weighs more significantly in favor of detention. *See* 18 U.S.C. § 3142(g)(3)(A).

Further, as the government correctly points out, Defendant's alleged crimes are "crimes of violence" weighing in favor of detention. Brief in Support of Resistance (docket no. 24-1) at 3; *see also* 18 U.S.C. § 3142(g)(1) (requiring the court to consider "the nature and circumstances of the offense charged, including whether the offense is a crime of violence"); 18 U.S.C. § 3156(a)(4)(C) (defining "crime of violence" as encompassing "any felony under chapter 77, 109A, 110, or 117"); 18 U.S.C. §§ 2252, 2252A (the statutory provisions Defendant is charged with, which appear in chapter 110).

Accordingly, after careful consideration of the factors listed at 18 U.S.C. § 3142(g), the court finds by a preponderance of the evidence that no condition or combination of conditions will reasonably assure Defendant's appearance as required.

## V. CONCLUSION

In light of the foregoing, the Appeal (docket no. 21) is **DENIED**. Defendant shall remain in the custody of the United States Marshals Service pending further order of the court.

**IT IS SO ORDERED.**

**DATED** this 17th day of December, 2015.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

4